UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-cv-61081-RNS

SECURITIES AND )
EXCHANGE COMMISSION, )
                              )
        Plaintiff,        )
v.                            )
                              )
MATTHEW A. CONNOR,            )
                              )
        Defendant.        )
                              )

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ENTERING JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of a Default Judgment of Permanent Injunction and Other Relief against Defendant Matthew A. Connor (ECF No. 11), having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion, and imposing a Default Judgment of Permanent Injunction and Other Relief against Connor:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over Connor and the subject matter of this action. Venue is proper in the Southern District of Florida.

2. Connor was properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Thus, he has proper notice of this action.

3. As of the date of this Order, Connor has failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

4. The Clerk of the Court entered a default against Connor on August 1, 2012. By virtue of the default and the failure to respond to the Complaint, Connor is deemed to have admitted the allegations of the Complaint, and the Commission has established liability against Connor.

*Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).   Thus, the Court finds Connor committed the violations alleged in the Complaint.   Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of a Default Judgment of Permanent Injunction and Other Relief against Defendant Matthew A. Connor (ECF No. 11) is **GRANTED**.   Default Judgment is entered against Connor as follows:

I.

PENNY STOCK BAR

**IT IS HEREBY ORDERED AND ADJUDGED** that Connor is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.   A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

II.

DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Connor shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act 15 U.S.C. § 78u(d)(3).   The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.   Prejudgment interest shall be calculated from January 21, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).   In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Connor will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Connor may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be

accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Connor in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

### IV.

### RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 20, 2012.

                                                                      _____
                                                                      ROBERT N. SCOLA, JR.
                                                                      **UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of record